1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11
12  GINGER HAMILTON,                            No.  2:12-CV-02817-KJM-DAD
13              Plaintiff,
14       v.                                     <u>ORDER</u>
15  ST. JOSEPH'S MEDICAL CENTER, and
16  DOES 1 to 10, inclusive,
17              Defendants.
18
19         Michael C. Cohen ("counsel")  moves to withdraw as counsel of record for
20  plaintiff Ginger Hamilton ("plaintiff").  The motion is unopposed, and the court decides the
21  matter without argument.  For the reasons below, the court GRANTS counsel's motion to
22  withdraw and concurrently GRANTS plaintiff's related motion for a sixty-day extension to
23  oppose defendant's motion for summary judgment, ECF No. 19.
24         Withdrawal of counsel is governed by Local Rule 182(d).  Under the Rule, an
25  attorney who seeks to withdraw must (1) give notice to the client and all parties who have
26  appeared; (2) comply with the Rules of Professional Conduct of the State Bar of California; and
27  (3) obtain leave of court.  L.R. 182(d).  Professional Conduct Rule 3-700(C) in turn permits
28  withdrawal where "[t]he client . . . renders it unreasonably difficult for [counsel] to carry out

1  the employment effectively . . . ." However, counsel "shall not withdraw from employment
2  until [he or she] has taken reasonable steps to avoid reasonably foreseeable prejudice to the
3  rights of the client, including[, *inter alia*,] giving due notice to the client[ and] allowing time
4  for employment of other counsel . . . ." CAL. RULES OF PROF'L CONDUCT R. 3-700(A)(2).

5         Here, counsel has met all withdrawal requirements. As required by Local Rule
6  182(d), counsel has provided notice to plaintiff and opposing parties and filed the instant
7  motion seeking leave, ECF No. 14. Counsel has also complied with the Rules of Professional
8  Conduct. He attests in his declaration that "[p]laintiff will not speak to" him and that they
9  "cannot effectively communicate . . . ." *Id.* As such, the court finds that the "break down" in
10 communication "renders it unreasonably difficult for [counsel] to carry out the employment
11 effectively." CAL. RULES OF PROF'L CONDUCT R. 3-700(C)(2). The court further finds a sixty-
12 day extension to oppose defendant's motion for summary judgment sufficient to avoid
13 prejudice to plaintiff.

14         Accordingly, counsel's motion to withdraw as counsel of record for plaintiff is
15 GRANTED. Plaintiff is likewise GRANTED sixty (60) days from the date of this order to file
16 her opposition to defendant's pending motion for summary judgment.

17         IT IS SO ORDERED.
18 DATED: January 21, 2014.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE